119 F.3d 8
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Abraham L. MIDGETT, III, Defendant-Appellant.
 Nos. 96-30227.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 14, 1997*
Filed July 17, 1997.
 
 Appeal from the United States District Court for the District of Alaska, No. CR-95-00044-JWS; John W. Sedwick, District Judge, Presiding.
 Before: WALLACE, NOONAN, and THOMPSON, Circuit Judges.
 
 MEMORANDUM
 
 1
 Midgett appeals his 262-month sentence for distributing crack cocaine in violation of 21 U.S.C. § 841(a)(1). The district court had jurisdiction under 28 U.S.C. § 3231. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 2
 Midgett first contends that the district court should have sentenced him for distributing powder cocaine, rather than crack cocaine, because "there is no criminal offense for transforming the government's cocaine" into crack cocaine. Yet, as the government points out, U.S.S.G. § 1B1.2-.3 requires the district court to sentence Midgett according to the most applicable guideline section. For this case, U.S.S.G. § 2D1.1, which specifically deals with crack cocaine, was the most applicable guideline. Section 2D1.1 required the district court to sentence Midgett for distributing crack cocaine. Since Midgett never asserts that the district court clearly erred in finding that he delivered crack cocaine to the government informant, the district court did not err in sentencing him for distributing crack cocaine.
 
 
 3
 Midgett next asserts that the district court erred in concluding that it could not depart downward based on the recommendations of the Sentencing Commission that Congress later refused to accept. We rejected this argument in United States v. Berger, 103 F.3d 67, 71 (9th Cir.1996) (Berger ), cert. denied, 117 S.Ct. 1456 (1997), rejected this argument: "[W]e now join those circuits that have held that a district court has no discretion to depart downward based on the powder/base sentencing disparity." Thus, Berger forecloses this issue.
 
 
 4
 Midgett also argues that the sentencing disparity between powder and crack cocaine violates the Equal Protection and Due Process Clauses. However, as Midgett admits, our recent decision in United States v. Jackson, 84 F.3d 1154, 1161 (9th Cir.), cert. denied, 117 S.Ct. 445 (1996), requires us to reject these arguments.
 
 
 5
 Midgett finally contends that the district court erred in concluding that it could not depart downward for the government's alleged "sentencing manipulation." While we lack jurisdiction to review a district court's discretionary refusal to depart downward, we review de novo the district court's belief that it lacked the power to depart downward. Berger, 103 F.3d at 69. A review of the trial transcript defeats Midgett's argument. The district court believed it could depart downward for "sentencing manipulation," but chose not to because it determined the facts did not warrant such action. Because the district court exercised its discretion in not departing downward, we lack jurisdiction to review this issue.
 
 
 6
 AFFIRMED.
 
 
 7
 Note: This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a) and Ninth Circuit Rule 34-4